**Terry H. ALSBROOK, Appellant,**

v.

**MILLER TRANSPORTERS,
INC., Appellee.**

Supreme Court of Tennessee.

May 5, 1980.

J. Houston Gordon, Tual, Gordon, Tual, Forrester, Garrison & Vergos, Covington, for appellant.

Robert M. Burton, Memphis, for appellee.

## OPINION

COOPER, Justice.

This is an appeal by an employee from a decree entered in the Circuit Court of Shelby County dismissing his action for workmen's compensation benefits. The basis of the trial court's action was his finding that appellee had failed to carry the burden of showing a causal connection between appellant's loss of sight in his left eye and a work-connected accident. Appellant insists that the evidence on the issue of causation was not in material conflict and that he carried the burden of showing his disability resulted from injuries sustained when the truck he was driving for appellee overturned.

Appellant was employed by Miller Transporters, Inc. as an over-the-road truck driver. On April 18, 1978, appellant permitted the right wheels of the truck he was driving to leave the highway, and the truck overturned when appellant tried to return to the highway. Appellant was thrown around in the cab and was "banged up," but had no noticeable injury except to the right knee. Appellee discharged appellant the day following the accident, in keeping with company policy where a vehicle accident is the fault of the employee.

On August 14, 1978, appellant took the annual physical required of over-the-road truck drivers and then learned that he was, for all practical purposes, blind in his left eye. A subsequent examination by a neuro-ophthalmologist revealed that appellant's disability was due to atrophy of the optic nerve. According to the ophthalmologist, there are numerous causes of this condition, one of which is trauma to the head or eye.

Appellant, of course, undertook to prove that the atrophy of the optic nerve in his left eye was the result of, or was aggravated by, the trauma sustained by him in the April 18, 1978, accident. It was brought out in the course of the trial that appellant had been in an automobile accident in October, 1977, which was not work connected,

and had received a blow to the left side of his head of sufficient severity to cause him to go to the emergency room of a hospital for treatment. These two accidents formed the predicate of many of the questions directed to the issue of causation.

Dr. Richard Drewry, Jr., the neuro-ophthalmologist who examined appellant in October, 1978, testified extensively on the issue. Of interest to this court, since we are bound to uphold findings of a trial judge in a workmen's compensation case where they are supported by any material evidence, is the following testimony by Dr. Drewry:

Q. Doctor, what does the word "etiology" mean?

A. Cause.

Q. Cause?

A. Yes, sir.

Q. And what does "etiology undetermined" mean?

A. It means that we did not determine an exact cause.

Q. So you don't know what caused this man's condition in his left eye, do you?

A. No, sir.

\* \* \* \* \* \*

Q. Doctor, one final question. Can you state within a reasonable degree of medical certainty what was the cause of the optical atrophy that this man has in his left eye?

\* \* \* \* \* \*

A. Using the terms, within a degree of medical certainty, we have nothing in our examination or laboratory tests that allow us to say with all due certainty that it was due to any of the precipitating factors of which we are aware; that is, we cannot say with all certainty that it was due to the injury.

Q. I did not use the word all certainty, sir. I said within a reasonable degree of medical certainty. My question is, you can't say within a reasonable degree of medical certainty that

there is any causal connection between the trauma, the accident in which he was involved in 1978, can you?

A. The specific accident in 1978, no, we cannot.

Q. And the same thing would apply to the automobile accident in 1977, wouldn't it Doctor?

A. That would be true.

Q. And you stated one other possibility, the man could have had neuritis. Or there are other causes that could have brought on this condition, isn't that right, Doctor?

A. Yes, sir, there are other causes that can bring on this condition.

In our opinion this testimony of Dr. Drewry is sufficient to support the trial judge's conclusion that appellant had failed to establish a causal connection between his accident of April 18, 1978, and his current eye condition.

The judgment of the trial court is affirmed. Costs incident to the appeal are adjudged against the appellant.

BROCK, C. J., and FONES, HENRY and HARBISON, JJ., concur.